UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK          07 CV 2874 (RMB)

| | |
|---|---|
| NIPPON YUSEN KAISHA a.k.a. NYK LINE,<br><br>                    Plaintiff,<br>        - against -<br><br>ZIRCON LOGISTICS, INC., and ZIRCON (USA) LOGISTICS, LTD., and ZIRCON LOGISTICS,<br><br>                    Defendants. | SUPPLEMENTAL ADMIRALTY RULE B(1) DECLARATION<br><br>And request for appointment of substitute process server |

JOSEPH De MAY, JR., declares that the following statement is true and correct under the penalties of perjury:

1.      I am an attorney at law admitted to practice before this Court and I am a member of the firm of Cichanowicz Callan Keane Vengrow & Textor, LLP, attorneys for plaintiff in the within matter.

2.      I make this declaration on personal knowledge in support of plaintiff's application for issuance of process of maritime attachment and garnishment pursuant to Supplemental Admiralty Rule B(1) and for appointment of a substitute process server.

RIGHT TO A RULE B ATTACHMENT

3.      To my knowledge, and on information and belief, the defendants cannot be found within this district.

(a) On April 10, 2007, I caused a search to be made of the records of the New York Secretary of State and found that no corporations with the defendants' names are incorporated in or registered to do business in New York State.

(b) On April 10, 2007, I made an inquiry with the telephone directory assistance to determine if any businesses by defendants' name are listed in its business directory for the area codes encompassing the counties which comprise the Southern District of New York: Bronx, Dutchess, New York, Orange, Putnam, Rockland, Sullivan and Westchester, and Verizon advised that it has no listing for any defendant.

(c) Also on April 10, 2007, I caused searches to be conducted on the internet's Google search engine for each of the defendants and could find no information about either being located in New York State or having a person or party in this state or this district authorized to receive service of process on its behalf.

4. As a result of the foregoing, I certify that I have made a diligent search to ascertain the name and address of a person or party upon whom process could be served in this district for the named defendants, but can find no such person or party.

5. This is plaintiff's first request for this relief made to this or any other court.

## AMOUNT OF THE ATTACHMENT

6. Supplemental Admiralty Rule B(1)(a) permits an attachment up to the amount sued for. The attachment also covers interest and costs. See, Supplemental Admiralty Rule E(5)(a).

7. The complaint pleads damages in a principal amount of $92,144.00 together with interest, costs and disbursements.

8.      The complaint also pleads a contractual claim for attorneys' fees incurred in collecting amounts due from defendants which plaintiff in good faith estimates at $10,000. That brings the claim to $102,144.00.

9.      I believe 2 years at 6% per year compounded from July and September of 2005 would be a reasonable estimate for prejudgment interest. That would bring the claim to approximately $115,000.00.

10.     I also believe that increasing that amount to $120,000 would provide reasonable security for costs and disbursements. Plaintiff therefore requests attachment up to the amount of $120,000.

SUBSTITUTE PROCESS SERVER

6.      Supplemental Admiralty Rule B(1)(d)(ii)(A, C) provides that process of maritime attachment and garnishment shall be served by a U.S. Marshal unless someone is specially appointed by the Court for that purpose. I respectfully submit that given the modest as damnum, service of such process by a U.S. Marshal would not be the most efficient use of his time. Since the service to be made is to be on garnishees which are well recognized banking institutions, service can be properly made by allowing one or more attorneys at our office, or our clerk, our a process server to make such service and that arrangement would be most economical as well.

WHEREFORE, plaintiff asks that process of maritime attachment and garnishment issue, as requested, against the defendant's tangible or intangible personal property in this district in the hands of garnishees to be named in the process and that alternative process servers be appointed as requested herein.

Dated: New York, NY, April 10, 2007

/s/_____Joseph De May, Jr.___

JOSEPH De MAY, JR. [JD-9105]